UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-2006(DSD/FLN)

Eugene Vincent Joiner,

      Plaintiff,

v.                                                            **ORDER**

Metro Transit Police
Department, et al.,

      Defendants.


    Eugene Vincent Joiner, 1516 West Lake Street, Suite 200-D, Minneapolis, MN 55408, plaintiff pro se.

    Nathan Midolo, Esq. and Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for defendant Metro Transit Police Department; Christiana Martenson and James W. Keeler, Hennepin County Attorney's Office, 300 South 6th Street, Minneapolis, MN 55487, counsel for defendant Hennepin County Detention Center.


This matter is before the court upon the motion to strike and dismiss by defendant Hennepin County and the motions to amend and for summary judgment by pro se plaintiff Eugene Joiner. After a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to strike and dismiss and denies the motions to amend and for summary judgment.


**BACKGROUND**

This civil rights dispute arises from Joiner's arrest by Metro Transit police officers on April 10, 2013, for having an open alcoholic beverage in public. ECF No. 1-1 ¶ 1. Joiner was

transferred to the Hennepin County Public Safety Facility and booked into the adult detention center (ADC).  Id. ¶ 2.  Joiner alleges that personnel at ADC failed to tend to his medical needs, battered him without provocation, and left him in a cell without access to medical or other assistance.  Id.

Joiner filed this action on June 20, 2016, against the Metro Transit Police, Hennepin County Detention Center, and County Board, alleging violations of 42 U.S.C. § 1983 and the Fifth, Eighth, Ninth, and Fourteenth Amendments.  On August 18, 2016, Joiner filed two first amended complaints; one of the complaints raised claims against Metro Transit [ECF No. 9] and the other raised claims against Hennepin County Detention Center, Hennepin County Board of Directors, Hennepin County Sheriff's Department, Sheriff Richard Stanek, Deputy Annette Parker, Deputy Andrew Carlson, Deputy Thomas Poser, Sergeant Angela Johnson, and Deputy James Mauer [ECF No. 10].  On August 22, 2016, Magistrate Judge Franklin L. Noel ordered Joiner to file a consolidated amended complaint incorporating all of his allegations against all defendants by September 5, 2016.  ECF No. 11.  Joiner failed to do so.  Hennepin County then moved to dismiss all claims against it.  ECF No. 15.  Joiner failed to respond to the motion or appear at the hearing.  The court granted the motion and dismissed Hennepin County from the lawsuit without prejudice.  ECF No. 27 at 2.  The court treated the originally filed complaint as the operative pleading given Joiner's failure to

file a consolidated amended complaint as ordered by Magistrate Judge Noel. Id. at 1-2.

Then, on February 9, 2017, Joiner filed a "First Consolidated Amended Complaint" naming Metro Transit Authority, Metro Transit Police Department, and all nine Hennepin County defendants also named in the first amended complaint. See ECF Nos. 9 and 28. On February 24, Joiner filed a "Second Consolidated Amended Complaint" against Metro Transit Authority, Metro Transit Police, Hennepin County Board, Hennepin County Detention Center, and Hennepin County Sheriff's Office. ECF No. 32. On February 27, Magistrate Judge Noel directed the clerk of court to treat the second consolidated amended complaint as a motion to amend the complaint. ECF No. 33. On March 2, Metro Transit answered the first consolidated amended complaint. ECF No. 40.

The Hennepin County defendants[1] now move to strike the first consolidated amended complaint and dismiss them from this action. Joiner moves to amend the complaint consistent with his proposed second consolidated amended complaint and for summary judgment.

## DISCUSSION

### I. Motion to Strike and Dismiss

Hennepin County moves to strike the first consolidated amended

---

[1] The Hennepin County defendants include the Hennepin County Board, Hennepin County Detention Center, Hennepin County Sheriff's Office, and officers and individuals employed by those entities.

complaint and dismiss Joiner's claims against it in that complaint. The court grants the motion to strike.[2] Because the court previously dismissed Hennepin County from the case, Joiner is foreclosed from proceeding against the Hennepin County defendants in this action.[3] As a result, the allegations against the Hennepin County defendants are stricken from the first consolidated amended complaint. The Hennepin County defendants shall also be stricken from the case caption.

## II. Motion to Amend

The court shall provide leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend, however, is not an absolute right and "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (citation and internal quotation marks omitted). An amendment is futile when it would not survive a motion to dismiss. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

Metro Transit, the only remaining defendant in this case, has answered the first consolidated amended complaint and is prepared

---

[2] The court cannot "dismiss" Hennepin County from the case because it has already been dismissed. ECF No. 27 at 2.

[3] The case was dismissed without prejudice, so Joiner may bring a separate action against Hennepin County.

to proceed to discovery. Joiner nevertheless seeks to amend his complaint again, this time to add a conspiracy claim under 42 U.S.C. §§ 1985, 1986. He argues that Hennepin County and Metro Transit conspired to deprive him of his rights. Because Hennepin County is no longer a defendant in this case, however, Joiner has no basis on which to proceed with the conspiracy claim. As a result, the amendment would be futile and the motion to amend must be denied.[4] The first consolidated amended complaint remains the operative complaint in this action.

## III. Motion for Summary Judgment

Joiner also moves for summary judgment, arguing, without sufficient factual or legal support, that defendants have no valid defense to his claim. The court summarily denies the motion because Joiner has failed to support his motion as required. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

---

[4] The court also notes that the conspiracy claim would be time-barred in any event. See 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.    The motion to strike and dismiss [ECF No. 34] is granted as set forth above;

2.    The motions to amend or supplement [ECF Nos. 32, 37, 42] are denied; and

3.    The motion for summary judgment [ECF No. 48] is denied without prejudice.


Dated: April 21, 2017


                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court