UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-2006(DSD/TNL)

Eugene Vincent Joiner,

       Plaintiff,

v.                                                            **ORDER**

Metro Transit Police
Department, et al.,

       Defendants.


    Eugene Vincent Joiner, 5201 Brookdale Drive, Brooklyn Park, MN 55443, plaintiff pro se.

    Jason M. Hiveley, Esq. and Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for defendants.


    This matter is before the court upon the cross motions for summary judgment by pro se plaintiff Eugene Joiner and defendants Metro Transit Police Department, Officer Geoffrey Wyatt, Officer Waheid Siraach (Sitonch), and Metro Transit Authority.  After a review of the file, record, and proceedings herein, and for the following reasons, the court denies Joiner's motion and grants defendants' motion.


## BACKGROUND

    This civil rights dispute arises from Joiner's arrest by Metro Transit police officers for having an open alcoholic beverage in public.  Am. Compl. [ECF No. 28] ¶ 1; Hiveley Aff. Ex. 5 at 3.  On April 10, 2013, Officer Wyatt, who was on patrol with his partner Officer Sitonch, observed Joiner carrying a brown paper bag

containing what appeared to be an open bottle of alcohol. Hiveley Aff. Ex. 5 at 2. Officer Wyatt stopped Joiner and asked to see what was in the bag. Id. When Officer Wyatt pulled the bottle out, he noticed that about one-third of the alcohol was gone. Id. Joiner then became argumentative and uncooperative. Id. Officer Wyatt decided to arrest Joiner given his attitude and because he believed Joiner would re-offend if not detained. Id. Officer Wyatt arrested Joiner for loitering with an open bottle, handcuffed him, and took him to the Hennepin County Detention Center. Id.; Am. Compl. ¶ 2.

Joiner alleges that he waited in the squad car for five to ten minutes when he arrived at the detention center and that, during that time, Officer Wyatt read papers and transcripts relating to Joiner's housing court case.[1] Joiner Dep. at 44:8-10; 47:9-22; 50:6-51:15. He also alleges that he was handcuffed too tightly, which hurt his wrists and arms, but he did not complain of any pain until he was in the sally port at the detention center. Joiner Dep. at 40:22-44:10. Once at the jail, the detention center staff took over and Joiner had no further interaction with the Metro Transit officers. Joiner Dep. at 48:19-24; 49:20-24. Joiner

---

[1] Joiner had the housing court case papers with him when he was arrested. Id. at 51:11-15. Although Joiner initially claimed that Officer Wyatt's review of the papers violated his constitutional rights, he now concedes otherwise. Id. at 51:16-18. As a result, the court considers that aspect of his claim withdrawn.

alleges that staff at the detention center denied him needed medical attention and otherwise violated his constitutional rights. He was released from custody the next day and the charges were ultimately dismissed. Joiner Dep. at 17:2-5; 55:17-22. In his deposition, Joiner admitted that he was injured by Hennepin County's actions and not those of Metro Transit. Id. at 54:13-20.

Joiner filed this action on June 20, 2016, against the Metro Transit Police, Hennepin County Detention Center, and County Board, alleging violations of 42 U.S.C. § 1983 and the Fifth, Eighth, Ninth, and Fourteenth Amendments. On August 18, 2016, Joiner filed two first amended complaints; one of the complaints raised claims against Metro Transit [ECF No. 9] and the other raised claims against Hennepin County Detention Center, Hennepin County Board of Directors, Hennepin County Sheriff's Department, Sheriff Richard Stanek, Deputy Annette Parker, Deputy Andrew Carlson, Deputy Thomas Poser, Sergeant Angela Johnson, and Deputy James Mauer [ECF No. 10]. On August 22, 2016, Magistrate Judge Franklin L. Noel ordered Joiner to file a consolidated amended complaint incorporating all of his allegations against all defendants by September 5, 2016. ECF No. 11. Joiner failed to do so. Hennepin County then moved to dismiss all claims against it. ECF No. 15. Joiner failed to respond to the motion or appear at the hearing. The court granted the motion and dismissed Hennepin County from the lawsuit without prejudice. ECF No. 27 at 2. The court treated the originally

filed complaint as the operative pleading given Joiner's failure to file a consolidated amended complaint as ordered by Magistrate Judge Noel. Id. at 1-2.

Then, on February 9, 2017, Joiner filed a "First Consolidated Amended Complaint" naming Metro Transit Authority, Metro Transit Police Department, and all nine Hennepin County defendants also named in the first amended complaint. See ECF Nos. 9 and 28. On February 24, Joiner filed a "Second Consolidated Amended Complaint" against Metro Transit Authority, Metro Transit Police, Hennepin County Board, Hennepin County Detention Center, and Hennepin County Sheriff's Office. ECF No. 32. On February 27, Magistrate Judge Noel directed the clerk of court to treat the second consolidated amended complaint as a motion to amend the complaint. ECF No. 33. On March 2, Metro Transit answered the first consolidated amended complaint.[2] ECF No. 40.

Thereafter, the court reaffirmed Hennepin County's dismissal from the case, denied Joiner's motion for summary judgment, and denied Joiner's subsequent attempt to again amend the complaint. See ECF Nos. 58, 90. Defendants also took Joiner's deposition and engaged in written discovery. Joiner now again moves for summary judgment as do the remaining Metro Transit defendants.

---

[2] The first consolidated amended complaint remains the operative complaint. In that complaint, he asserts the following claims: violations of 42 U.S.C. § 1983 and the Fifth, Eighth, Ninth, and Fourteenth Amendments. See ECF No. 28. He seeks more than $7 million in damages plus punitive damages. Id.

## DISCUSSION

### I.   Joiner's Motion for Summary Judgment

Joiner moves for summary judgment, arguing, without any factual or legal support, that there are no factual disputes precluding judgment in his favor.[3]  As Joiner is aware from the court's previous order, ECF No. 58, a summary judgment motion must be supported by a factual basis.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").  Joiner's failure to point to any facts in support of his motion - including his own testimony from his deposition - warrants the denial of his motion.

### III. Defendants' Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment because Joiner has failed to articulate any claim against them. The court agrees.  Joiner alleges that defendants violated various

---

[3]   The only support Joiner provides for his motion is a request to file a second amended complaint, which is identical to a motion he filed on February 27, 2017.  ECF Nos. 37, 78.  The attached proposed amended complaint is also identical to the one filed in connection with the earlier motion.  See id.  The court denied the first such motion, ECF No. 58, and will not revisit that decision.

constitutional amendments, but when pressed in his deposition to explain how they harmed him, he admitted that he believes he was injured by Hennepin County and not by any of the Metro Transit defendants.[4]  Joiner Dep. at 54:13-20.  This admission is fatal to his claim and mandates dismissal of this case with prejudice.  Even without his admission, Joiner's allegations against defendants are insufficient to support his claims.  At most, he claims that Officer Wyatt should not have arrested him and that the handcuffs were uncomfortable.  Under the circumstances presented, neither claim comes close to rising to the level of a constitutional violation.


## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion for summary judgment [ECF No. 77] is denied;

2.  Defendants' motion for summary judgment [ECF No. 86] is granted; and

3.  The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 4, 2018                          s/David S. Doty_____
                                             David S. Doty, Judge
                                             United States District Court

---

[4]  Joiner also admitted that Officer Sitonch did nothing to violate his rights.  Joiner Dep. at 37:24-38:21.